# MEMORANDUM

OF A

# CASE NOT REPORTED IN FULL.

## THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JAMES HORACE JONES, Appellant.

*Appeal from a judgment convicting a defendant of murder in the first degree — duty of the appellate court to grant a new trial if the verdict be against law or if justice requires a new trial — when the expense of preparing the case will be charged upon the county.*

Appeal from a judgment of the Court of Oyer and Terminer of Rensselaer county, convicting the defendant of the crime of murder in the first degree.

The court at General Term said: "The respondent herein was convicted of murder in the first degree at a Court of Oyer and Terminer, held in Rensselaer county, for the killing of his wife on the 3d day of July, 1884, at the city of Troy. He has appealed to this court from the judgment entered upon such conviction. The question that was most strenuously argued by his counsel was that the verdict was against the weight of evidence, and that it should not have been for a higher crime than that of murder in the second degree. Upon the coming in of the jury and the delivery of their verdict a motion was made by counsel for the prisoner for a new trial on that ground, which was denied and an exception duly taken.

"Under section 527 of the Code of Criminal Procedure, as amended by chapter 360, Laws of 1882, this court must review that decision, and the same section makes it our duty to grant a new trial if the verdict be against law, or if justice require a new trial whether any exception be taken or not. This section grants new and very extensive powers to an appellate tribunal, and they should be exercised with great circumspection. The case ought to be exceedingly clear, which would authorise the court to grant a new trial upon the general ground that justice requires it. It is much broader than

the power to grant a new trial where the verdict is thought to be against the weight of evidence, and in both cases the verdict of a jury should be regarded with high consideration as the decision of a tribunal to which questions of fact are properly confided. It is not thought that the danger of error against a prisoner upon a mere question of fact, is very imminent and at all events the whole theory of our law is based upon the great weight to be attached to the conclusions of a jury, and especially is this the truth with regard to verdicts in criminal cases. The safety of a civilized community lies largely in the prompt and stern administration of the criminal law. The more enlightened spirit of the age has been manifested from time to time in the mitigation by legislative act of the severity of the punishments for crime, but I think the enforcement of the laws should be the speediest possible, consistent with a due regard for the rights of the accused to enable him to have a fair trial, and when convicted the punishment should be alike certain and prompt. To grant a new trial upon either of the grounds alleged, the case ought to be free from any reasonable doubt, and consequently if there be simply a balanced case or perhaps one where the court might have come to a different conclusion upon the fact, the verdict of the jury, especially where it is satisfactory o the judge who tried the case, manifested by a denial of a motion for a new trial on such grounds, should stand confirmed. It has become necessary therefore to examine the evidence returned herein for the purpose of deciding these questions. This we have done."

After examining the evidence and holding that justice did not require that a new trial should be granted, the court proceeded: "Under the law as it stood for a long number of years prior to the passage of the Code of Criminal Procedure this case would not probably have come here for review. But in capital cases the legislature has enacted that the mere filing of a notice of appeal stays the execution of the sentence until its determination. This appeal was taken and it then was made to appear to this court that the prisoner was so poor as to be unable to print the case and thus to properly present it for review. We became satisfied that such was the fact, and in carrying out the policy of the legislature to afford a review in all capital cases by the court of last resort, if desired by the convict or his counsel, we ordered the case to be printed at the

expense of the county of Rensselaer and the money to be taken from the fund to pay the expenses of the courts in such county. This appeared to us to have been the only course left open.

" We think the appeal entirely without merit, but so long as the policy of the legislature remains unchanged it assumes that in all cases, meritorious or otherwise, and whether the criminal is rich or poor, he shall never be made to suffer death until his case, at his own option, has been passed upon by the Court of Appeals. If this policy is to be changed it is the legislature that must change it."

*Wm. J. Ludden,* for the appellant.

*La Mott W. Rhodes,* district attorney, for the respondent.

Opinion by PECKHAM, J.

Present — BOOKES, P. J., LANDON and PECKHAM, JJ.

Judgment affirmed, and proceedings remitted.